UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYSHAWN FOWLER

                                Plaintiff

       -against-

NEW YORK CITY POLICE OFFICER TRAVIS MUSSAW,
individually and in his official capacity As police officer;
NEW YORK CITY POLICE OFFICER CHRIS KEARNEY
individually and in his official capacity As police officer; and
CITY OF NEW YORK.

                                Defendants
------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 14 2013 ★
BROOKLYN OFFICE

**COMPLAINT**

**CV 13 - 0248**

(Jury Trial Demanded of all issues)

MAUSKOPF, J.
GO, M.J.

      The Plaintiff TYSHAWN FOWLER, by his attorney GARNETT H. SULLIVAN, ESQ., complaining of the defendant's alleges as follows:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff TYSHAWN FOWLER, seeks relief for the defendant's violation of plaintiff's rights secured by the Fourth and Fourteenth Amendments to the constitution pf the United Stares, and of rights secured under common law and the constitution of the State of New York.

2.    Plaintiff seeks damages both compensatory and punitive, award of costs, interest, attorney's fees, and such other relief as the Court deems to be equitable and just.

### JURISDICTION

3.    This action is brought pursuant to 42 U.S.C. sec 1983 and sec. 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 42 U.S.C. sec 1983 and 28 U.S.C. sec. 1331 and 1343(3) and (4), this being an action seeking redress for violation of plaintiff's constitutional and Civil rights.

4.      Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5.      The plaintiff TYSHAWN FOWLER is a citizen of the United States and was at all times herein a resident of the State of Connecticut; the plaintiff is of full age to commence this action.

6.      The defendant P.O. TRAVIS MUSSAW at all times hereinafter mentioned was and still is a resident of the State of New York who is and was employed as a police officer by the defendant CITY OF NEW YORK; he is being sued individually and in his official capacity.

7.      The defendant P.O. CHRIS KEARNEY at all times hereinafter mentioned was and still is a resident of the State of New York who is and was employed as a police officer by the defendant CITY OF NEW YORK; he is being sued individually and in his official capacity.

8.      The defendant CITY OF NEW YORK at all times hereinafter mentioned was and still is a municipal organization organized by virtue of the laws of the State of New York.

## FACTUAL ALLEGATIONS

9.      That on or about January 17, 2012 at approximately 7:30 P.M. the plaintiff was walking in the vicinity of Redfern Ave. and Beach Channel Drive Far Rockaway Queens, City and State of New York when he was stopped, and hand cuffed by officers employed by the New York City Police Department; including defendant P.O. TRAVIS MUSSAW.

10. That when the plaintiff enquired as to the reason for his detention he was told by the arresting officer that he was being arrested for trespassing. Upon information and belief defendant P.O. TRAVIS MUSSAW was the arresting officer.

11. The plaintiff was then taken to the 101 Pct., where he was eventually interrogated by a detective employed by defendant CITY OF NEW YORK who told him he was being charged with criminal possession of a weapon and that he was seen via surveillance camera ditching a gun.

12. The plaintiff asserted his innocence and volunteered to provide his DNA. However his assertions of innocence were disregarded.

13. The plaintiff was eventually brought to Queens County Criminal Court where he was arraigned on January 18, 2012 at about 8:00 P.M. Upon a criminal court complaint sworn to by defendant P.O. TRAVIS MUSSAW; falsely charging plaintiff with two felony counts of criminal possession of a weapon, second degree [NY Penal Law sec. 265.01(1) and (3)].

14. The criminal complaint upon which plaintiff was prosecuted alleged that defendant P.O. CHRIS KEARNEY was the source of the allegation that the defendant possessed a loaded gun.

15. That the plaintiff was unable to post bail and was detained at Rikers Island until January 24, 2012 after the charges against him were dismissed as a result of the action of a grand jury of the County of Queens.

16. That at the time the plaintiff was arrested, accused and charged with the felony charges the defendants knew or had reason to know that there was no reliable evidence tending to establish that the plaintiff had committed the crimes charged.

**17.** That upon information and belief the defendants gave false and misleading statements to the Queens County District Attorney's office, and gave false testimony to the grand jury which heard evidence on the charges.

**18.** That despite the defendants' false testimony, the grand jury found that there was no reasonable cause to believe the plaintiff had committed the crimes charged.

**19.** That all the actions of the police officer defendants complained of herein were engaged in the course of, and within the scope of their employment as police officers employed by the defendant CITY OF NEW YORK.

## NOTICE OF CLAIM

**20.** That within ninety (90) days of the claims arising plaintiff duly filed a notice of claim upon the defendant CITY OF NEW YORK in accordance with the General Municipal Law of the State of New York

**21.** That the defendant CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law section 50-H on or about April 4, 2012.

**22.** Although more than thirty (30) days have elapsed since service of the notice of claim, the comptroller and defendant CITY OF NEW YORK have neglected and/or refused to adjust or pay said claim.

**23.** This action has been commenced within one year and ninety days of accrual of the cause of actions set forth herein.

## FIRST CAUSE OF ACTION

**24.** The plaintiff incorporates by reference each preceding paragraph of this complaint as though fully set forth at length herein.

**25.** The defendant's acting under color of State law, subjected plaintiff to the foregoing acts without due process pf law in violation of 42 U.S.C. sec. 1983 thereby depriving plaintiff if his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Fourth Amendment constitutional right to be free from unreasonable searches and seizure of his person;

(b) Plaintiff was deprived of his Fourteenth amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the laws.

## SECOND CAUSE OF ACTION

**26.** The plaintiff repeats reiterates and re-alleges each and every allegation set fourth in paragraphs numbered "1" through "25" with the same force and effect as though fully set forth at length herein.

**27.** Defendants subjected plaintiff to the foregoing acts without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1 sec. 1,6,8,9,11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities.

(a) Plaintiff was deprived of his right to be free from unreasonable seizures of his person, in violation of sec. 12 if the constitution of New York;

(b) Plaintiff was deprived of his rights to liberty, without due process of law, in violation of sec. 6 of the constitution of the State of New York;

(c) Plaintiff was deprived of his right to equal protection of the laws, in violation of sec. 11 of the constitution of the State of New York.

## THIRD CAUSE OF ACTION

**28.** Plaintiff repeats, re-alleges and reiterates each and every allegation set forth in paragraphs numbered "1" through "23" as though fully set forth at length herein.

**29.** That the arrest, detention and imprisonment of plaintiff was wrongful and malicious, and effected without good faith and without reasonable or probable cause or other legal justification or privilege.

**30.** That the cats and conduct of the defendants constitute false arrest and false imprisonment under the law of the State of New York.

**31.** That plaintiff was wholly innocent of the aforesaid criminal charges and did not in any way contribute to the conduct of the defendants, their agents, servants and employees.

**32.** That the defendants intended to confine the plaintiff and the plaintiff was conscious of such confinement and did not consent to his confinement.

**33.** The acts of defendants were willful and with malicious disregard of plaintiff's rights and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION

34.     The Plaintiff repeats, reiterates and re-alleges each and every allegation of the complaint as set forth in paragraphs numbered "1" through "23" as though fully set forth at length herein.

35.     That the said charges and subsequent proceedings were instituted and procured by the defendants, their agents, servants and employees unlawfully, maliciously and without any reasonable and probable cause whatsoever therefore.

36.     That plaintiff was innocent but was forced to submit to such criminal proceedings until said proceedings were terminated in plaintiff's favor.

37.     That the aforesaid conducts constitute malicious prosecution under the laws of the State of New York.

## FIFTH CAUSE OF ACTION

38.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in this complaint with the same force and effect as if fully set forth at length herein.

39.     That the defendants, their agents, servants and employees negligently, carelessly and recklessly among other acts or commission, to"

(a)     Failed to perform their duties as a reasonable prudent police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, arrest and prosecution;

(b)     Hired and retained incompetent and unfit police officers whom they knew or should have known possessed aggressive properties and a lack of proper temperament.

(c)     Failed to exercise care instructing police officers as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained, taken into custody, as to the consequences of bringing false criminal charges, as to preparation and submission of false criminal charges;

(d)     Failed to adequately train and supervise their employees in regard to the decision to arrest and prosecute citizens.

(e)     Failed to establish meaningful procedures for disciplining officers who have engaged in such misconduct.

**40.** That upon information and belief, all the acts by the individual defendant were carried out with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY OF NEW YORK.

**41.** That upon information and belief the defendant CITY OF NEW YORK by its policy-making agents, servants and employees, authorized acts; and/or failed allowed or encouraged those acts to continue

**42.** That the conduct of the individual defendant was consistent with long-standing customs, practice, and usages of police officers employed by defendant CITY OF NEW YORK.

**43.** Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervising and policy making officers and officials of the police department and the CITY OF NEW YORK have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs practices upon the constitutional rights of persons in the City of New York

**WHEREFORE**, the plaintiff having been damaged by all of the aforesaid wrongful conduct demands the following relief jointly and severally against the defendants.

- A. Compensatory damages
- B. Punitive damages
- C. Attorney's fees together with costs and interest.
- D. Such other and further relief as to the Court seems just and equitable.

Dated: South Hempstead, New York
December 28, 2012

**GARNETT H. SULLIVAN, ESQ.**
Attorney for Plaintiff
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575